United States District Court
for the
District of Massachusetts
Civil Action No. 1:24-cv-12415

DeVanté DeGree,

Plaintiff,

-vs-

City of Lowell,
Lowell Police Department Officers William Martir, John Doe 1 and John Doe 2,
Lowell Police Department Detective Joseph Borodawka, and
Massachusetts State Police Trooper John Doe 3,

Defendants.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Since June 2015, Defendants have repeatedly used criminal charges and civil violations associated with motor vehicle operation to engage in a pattern of harassment and intimidation against Plaintiff DeVanté DeGree.

2. Specifically, Defendants have brought fifteen (15) cases in Lowell District Court which include twenty (20) criminal charges, all of which were dismissed, and nine (9) civil violations, for all of which Mr. DeGree was found not responsible.

3. Mr. DeGree now brings this complaint and demand for a jury trial to vindicate his rights as guaranteed under the Constitution of the United States, the Massachusetts Declaration of Rights, and the laws of both the United States and the Commonwealth of Massachusetts.

**Jurisdiction and Venue**

4. This Court has subject matter jurisdiction over all claims in this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

5. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391.

**Parties**

6. Mr. DeGree is a resident of the Commonwealth of Massachusetts.

7. The City of Lowell is a municipality located within Middlesex County in the Commonwealth of Massachusetts.

8. Lowell Police Department ("LPD") Officers William Martir, John Doe 1, and John Doe 2 are law enforcement officers employed by LPD. They acted at all relevant times as on-duty LPD police officers. They are sued in their individual and personal capacities. Upon information and belief, they are residents of the Commonwealth of Massachusetts.

9. LPD Detective Joseph Borodawka is a law enforcement officer employed by LPD. He acted at all relevant times as an on-duty LPD detective. He is sued in his individual and personal capacity. Upon information and belief, he is a resident of the Commonwealth of Massachusetts.

10. Massachusetts State Trooper John Doe 3 is a law enforcement officer employed by the Massachusetts State Police Department of the Commonwealth of Massachusetts ("MSP"). They acted at all relevant times as an on-duty Trooper. They are sued in their individual and personal capacity. Upon information and belief, they are a resident of the Commonwealth of Massachusetts

11. LPD Officers William Martir, John Doe 1, and John Doe 2, LPD Detective Joseph Borodawka, and MSP Trooper John Doe 3 are referred to collectively as the "LEO Defendants" as needed.[1]

---

[1] "LEO" is used in this complaint as an acronym for the phrase "law enforcement officer."

**Facts Alleged**

12. Between June 2015 and December 2020, Defendants have repeatedly used criminal charges and civil violations associated with motor vehicle operation to engage in a pattern of harassment and intimidation against Mr. DeGree.

13. Specifically, Defendants have brought eleven (11) cases in Lowell District Court which include thirteen (13) criminal charges, all of which were dismissed, and seven (7) civil violation, for which Mr. DeGree was found not responsible.

14. Defendants knowingly stopped and charged Mr. DeGree with the criminal charges and civil violations without probable cause or any other good faith basis.

15. Defendants knew there was no probable cause or other good faith basis to support the criminal charges and civil violations and used them solely to harass and intimidate Mr. DeGree.

16. Those cases, criminal charges, and civil violations are as follows:

a. 1511CR003923—operating a motor vehicle with a suspended license, dismissed February 9, 2016;

b. 1511CR004145—operating a motor vehicle with a suspended license, dismissed February 9, 2016; improper operation of a motor vehicle, found not responsible July 3, 2015;

c. 1511CR005008—operating a motor vehicle with a suspended license, dismissed February 9, 2016;

d. 1511CR006178—operating a motor vehicle with a suspended license, dismissed May 3, 2016;

e. 1511CR006181—operating a motor vehicle with a suspended license, dismissed May 3, 2016; miscellaneous motor vehicle equipment violation, found not responsible February 18, 2016;

f. 1511CR006695—operating a motor vehicle with a suspended license, dismissed November 16, 2015; marked lanes violation and speeding, found not responsible November 16, 2015;

g.  1511CR006936—operating a motor vehicle with a suspended license, dismissed February 18, 2016; modifying motor vehicle height, dismissed February 9, 2016;

h.  1811CR000489—operating a motor vehicle with a suspended license, dismissed April 5, 2019;

i.  1811CR002222—operating a motor vehicle with a suspended license, dismissed September 18, 2018; speeding and inspection sticker violation, found not responsible April 9, 2018;

j.  1811CR006723—operating a motor vehicle with a suspended registration and uninsured motor vehicle, dismissed August 28, 2019; and

k.  2011CR003882—operating a motor vehicle with a suspended registration and concealing a number plate, dismissed February 3, 2021.

17. The pattern of harassment and intimidation has continued to and through the present with four (4) Lowell District Court cases on which this civil rights action is based: 2011CR001972, 2211CR004419, 2411CR001834, and 2411CR001904.

18. In 2011CR001972, Defendant-LPD Officer William Martir and Defendant-LPD Detective Joseph Borodawka without probable cause charged Mr. DeGree with two counts of threat to commit a crime.

19. They did so to continue the well-documented pattern of harassment and intimidation perpetrated against Mr. DeGree by Defendants.

20. One count was dismissed on September 21, 2021, and the Hon. John F. Coffey entered a required finding of not guilty on the other count on September 21, 2021.

21. In 2211CR004419, Defendant-LPD Officer John Doe 1 without probable cause charged Mr. DeGree with operating a motor vehicle with a suspended license, which was dismissed on

January 17, 2023, and improper operation of a motor vehicle and a window obstruction, for which Mr. DeGree was found not responsible on January 17, 2023.

22. Defendant-LPD Officer John Doe 1 did so to continue the well-documented pattern of harassment and intimidation perpetrated against Mr. DeGree by Defendants.

23. In 2411CR001834, Defendant-LPD Officer John Doe 2 without probable cause charged Mr. DeGree with operating a motor vehicle with a suspended license, which was dismissed on May 15, 2024, the same day the complaint in the matter was filed and the same day on which Mr. DeGree was arraigned.

24. Defendant-LPD Officer John Doe 2 did so to continue the well-documented pattern of harassment and intimidation perpetrated against Mr. DeGree by Defendants.

25. In 2411CR001904, Defendant-Trooper John Doe 3 without probable cause charged Mr. DeGree with two counts of carrying a dangerous weapon, which were dismissed on July 24, 2024, and operating a motor vehicle with a suspended license, which was dismissed on September 12, 2024. Mr. DeGree was also found not responsible for speeding on September 12, 2024.

26. Defendant-Trooper John Doe 3 did so to continue the well-documented pattern of harassment and intimidation perpetrated against Mr. DeGree by Defendants.

27. A motion for the return of two (2) batons possessed by Mr. DeGree—the legal possession of which led to the two baseless counts of carrying a dangerous weapon—was allowed by Hon. Zachary Hillman on September 12, 2024.

28. The batons are currently in the possession of MSP Troopers at the Massachusetts State Police Barracks-Concord ("MSP-Concord").

29. As of the date of this complaint, Mr. DeGree has appeared at MSP-Concord twice, presented the allowed motion for return of property, requested the Troopers present return the batons to him, and had the Troopers deny his request.

## Count 1
### Fourth Amendment violation under 42 U.S.C. § 1983 against the LEO Defendants

30. Mr. DeGree incorporates by reference all prior paragraphs.

31. During all events described, the LEO Defendants were acting under color of state law as on-duty law enforcement officers.

32. As a result of the LEO Defendants' actions, Mr. DeGree was denied his rights as guaranteed under the Fourth Amendment to the Constitution of the United States.

## Count 2
### Article XIV violation under G.L. c. 12, § 11I, against the LEO Defendants

33. Mr. DeGree incorporates by reference all prior paragraphs.

34. During all events described, the LEO Defendants were acting under color of state law as on-duty law enforcement officers.

35. As a result of the LEO Defendants' actions, Mr. DeGree was denied his rights as guaranteed under Article XIV of the Massachusetts Declaration of Rights and the Fourth Amendment to the Constitution of the United States.

## Count 3
### Common law false imprisonment against the LEO Defendants

36. Mr. DeGree incorporates by reference all prior paragraphs.

37. During all events described, the LEO Defendants intended to confine Mr. DeGree.

38. Mr. DeGree was conscious of the LEO Defendants' confinement of him.

39. Mr. DeGree did not consent to the LEO Defendants confining him.

40. The LEO Defendants had no privilege to confine Mr. DeGree.

### Count 4
### False imprisonment under 42 U.S.C. § 1983 against the LEO Defendants

41. Mr. DeGree incorporates by reference all prior paragraphs.

42. During all events described, the LEO Defendants intended to confine Mr. DeGree.

43. Mr. DeGree was conscious of the LEO Defendants' confinement of him.

44. Mr. DeGree did not consent to the LEO Defendants confining him.

45. The LEO Defendants had no privilege to confine Mr. DeGree.

### Count 5
### False imprisonment under G.L. c. 12, § 11I, against the LEO Defendants

46. Mr. DeGree incorporates by reference all prior paragraphs.

47. During all events described, the LEO Defendants intended to confine Mr. DeGree.

48. Mr. DeGree was conscious of the LEO Defendants' confinement of him.

49. Mr. DeGree did not consent to the LEO Defendants confining him.

50. The LEO Defendants had no privilege to confine Mr. DeGree.

### Count 6
### Common law false arrest against the LEO Defendants

51. Mr. DeGree incorporates by reference all prior paragraphs.

52. The LEO Defendants imposed by force and/or threat an unlawful restraint on Mr. DeGree's freedom of movement.

### Count 7
### False arrest under 42 U.S.C. § 1983 against the LEO Defendants

53. Mr. DeGree incorporates by reference all prior paragraphs.

54. The LEO Defendants imposed by force and/or threat an unlawful restraint on Mr. DeGree's freedom of movement.

### Count 8
### False arrest under G.L. c. 12, § 11I, against the LEO Defendants

55. Mr. DeGree incorporates by reference all prior paragraphs.

56. The LEO Defendants imposed by force and/or threat an unlawful restraint on Mr. DeGree's freedom of movement.

### Count 9
### Common law malicious prosecution against the LEO Defendants

57. Mr. DeGree incorporates by reference all prior paragraphs.

58. The LEO Defendants commenced and continued criminal proceedings against Mr. DeGree.

59. The criminal proceeding commenced and continued by the LEO Defendants terminated in favor of Mr. DeGree.

60. There was no probable cause for the charges contained in the criminal proceedings against Mr. DeGree.

61. The LEO Defendants commenced and continued the criminal proceedings against Mr. DeGree with actual malice.

### Count 10
### Malicious prosecution under 42 U.S.C. § 1983 against the LEO Defendants

62. Mr. DeGree incorporates by reference all prior paragraphs.

63. The LEO Defendants commenced and continued criminal proceedings against Mr. DeGree.

64. The criminal proceeding commenced and continued by the LEO Defendants terminated in favor of Mr. DeGree.

65. There was no probable cause for the charges contained in the criminal proceedings against Mr. DeGree.

66. The LEO Defendants commenced and continued the criminal proceedings against Mr. DeGree with actual malice.

### Count 11
### Malicious prosecution under G.L. c. 12, § 11I, against the LEO Defendants

67. Mr. DeGree incorporates by reference all prior paragraphs.

68. The LEO Defendants commenced and continued criminal proceedings against Mr. DeGree.

69. The criminal proceeding commenced and continued by the LEO Defendants terminated in favor of Mr. DeGree.

70. There was no probable cause for the charges contained in the criminal proceedings against Mr. DeGree.

71. The LEO Defendants commenced and continued the criminal proceedings against Mr. DeGree with actual malice.

### Count 12
### Common law abuse of process against the LEO Defendants

72. Mr. DeGree incorporates by reference all prior paragraphs.

73. The LEO Defendants used process for an ulterior or illegitimate purpose resulting in damage to Mr. DeGree.

### Count 13
### Abuse of process under 42 U.S.C. § 1983 against the LEO Defendants

74. Mr. DeGree incorporates by reference all prior paragraphs.

75. The LEO Defendants used process for an ulterior or illegitimate purpose resulting in damage to Mr. DeGree.

### Count 14
### Abuse of process under G.L. c. 12, § 11I, against the LEO Defendants

76. Mr. DeGree incorporates by reference all prior paragraphs.

77. The LEO Defendants used process for an ulterior or illegitimate purpose resulting in damage to Mr. DeGree.

**Count 15**
**Civil rights conspiracy under 42 U.S.C. § 1985(3) against all Defendants**

78. Mr. DeGree incorporates by reference all prior paragraphs.

79. Defendants engaged in a common design or agreement, express or otherwise.

80. The purpose of the common design or agreement was to deprive Mr. DeGree of the equal protection of the laws.

81. One or more of the Defendants engaged in an overt act in furtherance of the common design or agreement.

82. Mr. DeGree was injured because of the common design or agreement and/or the overt act in furtherance of the common design or agreement and/or Mr. DeGree was deprived of a constitutionally protected right because of the common design or agreement and/or the overt act in furtherance of the common design or agreement.

**Count 16**
**Violation of the Equal Protection Clause of the Fourteenth Amendment under**
**42 U.S.C. § 1983 against all Defendants**

83. Mr. DeGree incorporates by reference all prior paragraphs.

84. Mr. DeGree is an African American man and a member of a protected class because of his status as an African American man.

85. Defendants, acting under color of law, violated Mr. DeGree's rights to the equal protection of the laws as guaranteed under the Fourteenth Amendment to the Constitution of the United States by intentionally treating Mr. DeGree differently than similarly situated individuals outside of his protected class.

86. Defendants' differential treatment of Mr. DeGree was motivated by discriminatory animus and lacked any legitimate government or law enforcement purpose.

87. Defendants targeted Mr. DeGree because of his membership in a protected class, and such treatment was not rationally related to any legitimate governmental or law enforcement objective.

88. As a direct and proximate result of Defendants' unlawful conduct, Mr. DeGree suffered, among other injuries, emotional distress, loss of liberty, loss of employment, and was required to pay attorney's fees.

89. Consequently, he is entitled to compensatory damages, punitive damages, attorney's fees, and other relief deemed appropriate by the Court.

## Count 17
**Coercive common law conspiracy against all Defendants**

90. Mr. DeGree incorporates by reference all prior paragraphs.

91. Defendants acted in unison with a peculiar power of coercion over Mr. DeGree which they would not have had if they were acting individually.

## Count 18
**Joint liability common law conspiracy against all Defendants**

92. Mr. DeGree incorporates by reference all prior paragraphs.

93. Two or more of the Defendants engaged in a common design or agreement, express or otherwise, to commit a wrongful act.

94. One or more of the Defendants committed a tortious act in furtherance of the common design or agreement.

## Count 19
***Monell* claim against the City of Lowell for an official policy or custom**

95. Mr. DeGree incorporates by reference all prior paragraphs.

96. The City of Lowell has official policies or customs in place.

97. The policies or customs amounted to deliberate indifference to the rights of the persons with whom the LEO Defendants came into contact.

98. The LEO Defendants acted pursuant to these official policies or customs.

99. Mr. DeGree was harmed and deprived of his constitutional rights as a result.

### Count 20
### *Monell* claim against the City of Lowell for failure to train or supervise

100. Mr. DeGree incorporates by reference all prior paragraphs.

101. The City of Lowell both failed to properly train and/or supervise the LEO Defendants.

102. The failure to properly train and/or supervise amounted to deliberate indifference to the rights of the persons with whom the LEO Defendants came into contact.

103. The LEO Defendants acted without proper training and/or supervision.

104. Mr. DeGree was harmed and deprived of his constitutional rights as a result.

### Count 21
### Failure to train or supervise against the City of Lowell under G.L. c. 258, § 2

105. Mr. DeGree incorporates by reference all prior paragraphs.

106. The City of Lowell both failed to properly train and/or supervise the LEO Defendants.

107. The failure to properly train and/or supervise amounted to deliberate indifference to the rights of the persons with whom the LEO Defendants came into contact.

108. The LEO Defendants acted without proper training and/or supervision.

109. Mr. DeGree was harmed and deprived of his constitutional rights as a result.

110. WHEREFORE, Mr. DeGree respectfully requests the Court grant the following forms of relief:

a. Enter judgment in favor of Mr. DeGree and against the Defendants on all counts of the Complaint;

b. Award compensatory and punitive damages in an amount to be determined by a jury;

c. Award Mr. DeGree attorney's fees, costs, and interest as permitted by law; and

d. Grant such further and other relief as may be just and proper.

**Demand for Jury Trial**

111. Mr. DeGree demands a trial by jury on all claims and issues.

Dated: September 20, 2024
Boston, Massachusetts

Respectfully submitted,

Joshua O'Neill, Esq.
BBO# 704512
617.356.7784
josh@bostondefender.com

The Boston Defender
www.bostondefender.com
100 Cambridge Street
14th Floor
Boston, MA 02114