UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DeVanté DeGree,<br>    *Plaintiff*,<br><br>v.<br><br>City of Lowell, Lowell Police Department Officers William Martir, John Doe 1 and John Doe 2, Lowell Police Department Detective Joseph Borodawka, and Massachusetts State Police Trooper John Doe 3,<br>    *Defendants*. | Civil Action No. 1:24-CV-12415-NMG |

**MEMORANDUM OF LAW IN SUPPORT OF CITY OF LOWELL'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(B)(6)**

INTRODUCTION

The Plaintiff, DeVanté DeGree, alleges that he was charged with a sundry of criminal offenses by four Lowell Police Department officials: Officer William Martir, Detective Joseph Borodawka, and LPD Officer John Does 1-2 (collectively "the LPD Defendants") and sues the City of Lowell (hereinafter "the City") under 42 U.S.C. §§ 1983 and 1985 for this purported constitutional deprivation. The City now moves to dismiss all of DeGree's claims brought against the City under Fed. R. Civ. P. 8(a) & 12(b)(6).

At the outset, the Complaint is inadequately pled. Rule 8(a) of the Federal Rules of Civil Procedure "requires more than labels and conclusions, and a formulaic recitation of the elements to a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation[.]" *Id*. Yet here, DeGree's conclusory assertions that he was charged "without probable cause" by officers who "knew there was no probable cause" and engaged in a "pattern of harassment and intimidation[,]"

1

*see* Doc. No. 1, at 3-4, are unsupported by any "well-pleaded, nonconclusory factual allegation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).  DeGree's Complaint should therefore be dismissed for not complying with *Iqbal* and *Twombly's* plausibility standard.

Even if the Complaint plausibly alleged that certain LPD officers pressed charges against DeGree without probable cause, he does not plausibly allege **the City** is liable for it.  Under the Supreme Court's decision in *Monell v. New York Dep't of Social Services*, 436 U.S. 658, 694 (1978), for the City to be liable for a public official's unconstitutional acts, the municipality must have an unconstitutional "policy or custom" that was the "moving force" behind the public official's unconstitutional actions. Yet here, DeGree merely alleges that the LPD Defendants worked for the City at the time of the events, which is not enough for *Monell* liability.  *Id.*, at 691 ("a municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under 42 U.S.C. § 1983 on a respondeat superior theory"). DeGree also does not plausibly allege a municipal failure to train or supervise claim under § 1983. In *City of Canton, Ohio v. Harris*, 489 U.S. 378, 387 (1989), the Supreme Court held that "the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact."  *Harris*, supra, 489 U.S. at 488.  Beyond formulaically reciting the legal elements, DeGree does not plausibly allege deliberate indifference on the part of the City.  Thus, the municipal liability claims against the City under § 1983 (counts 19-20) should be dismissed.

DeGree's federal conspiracy claim under 42 U.S.C. § 1985(3) (count 15) fares no better. Other than listing the elements of the cause of action, DeGree comes nowhere close to alleging the "minimum factual support of the existence of a conspiracy." *Francis-Sobel v. Univ. of Me.*, 597 F.2d 15, 17 (1st Cir. 1979).

2

Finally, should this Court find the federal claims fail, the rest of the state law claims should be dismissed for lack of subject matter jurisdiction. Once DeGree's federal claims are dismissed, there is no longer a basis for the Court to exercise supplemental jurisdiction over the remaining state-law claims. *See Camelio v. American Federation*, 137 F.3d 666, 672 (1st Cir. 1998). As a result, the Court need not address the state-law claims on their merits and should dismiss them without prejudice.[1] *Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995).

STATEMENT OF FACTS

DeGree alleges that between June 2015 and December 2020, the Lowell Police Department ("LPD") "repeatedly used charges and civil violations associated with motor vehicle operation to engage in a pattern of harassment and intimidation against" him. *See* ECF No. 1, p. 3. He alleges that the Defendants "brought eleven (11) cases in [the] Lowell District Court which include[s] thirteen (13) criminal charges, all of which were dismissed, and seven (7) civil violation [sic], for which Mr. Degree was found not responsible." *Id*. But at issue here are three criminal prosecutions which took place in the Lowell District Court.[2]

In the first challenged prosecution, Lowell District Court, Civil Action No. 2011CR001972, Degree was charged with "two counts of threat to commit a crime." *See* ECF No. 1, p. 4. DeGree claims LPD Officer William Martir and LPD Detective Joseph Borodawka charged

---

[1] Even if this Court does not dismiss all of DeGree's federal claims against the City or exercises its discretion by retaining supplemental jurisdiction over the state-law claims, then DeGree's state-law claims should be dismissed for the reasons stated below in Part IV of this Memorandum.

[2] The Complaint describes four Lowell District Court cases "on which t[he] civil rights action is based[.]" *See* Doc. No. 1, p. 4. However, the fourth criminal prosecution, Docket No. 2411CR001904, was brought by a Massachusetts state trooper: "John Doe 3." Since the Complaint alleges the fourth prosecution was by the Massachusetts State Police, and not an agent, servant or employee of the Lowell Police Department, the City does not outline this event in detail in its above "Statement of Facts."

3

Degree with those offenses "without probable cause" and "to continue the well-documented pattern of harassment and intimidation perpetrated against Mr. Degree." *Id*. On September 21, 2021, both charges were dismissed – one for lack of prosecution; the other by the Hon. John F. Coffey after the court entered a required finding of not guilty. *See* ECF No. 1, p. 4.

As for the second prosecution, Lowell District Court, Civil Action No. 2211CR004419, Degree alleges that LPD Officer John Doe 1 "without probable cause" charged Degree "with operating a motor vehicle with a suspended license" and "improper operation of a motor vehicle and a window obstruction." *See* ECF No. 1, p. 4-5. But both offenses were dismissed on January 17, 2023. *See id*.

In the last prosecution, Lowell District Court, Civil Action No. 2411CR001834, Degree alleges that LPD Officer John Doe 2 charged Degree "without probable cause" for "operating a motor vehicle with a suspended license," but that charge was dismissed on May 15, 2024, "the same day the complaint in the matter was filed and the same day on which [Degree] was arraigned." *See* ECF No. 1, p. 5.

DeGree alleges that the City had "official policies and customs in place" that "amounted to deliberate indifference to the rights of the persons with whom the [LPD officers] came into contact." *See* Doc. No. 1, at 11. DeGree claims he was "deprived of his constitutional rights as a result" of the LPD Defendants acting "pursuant to these official policies or customs." *Id*., at 12. He also asserts that the City "failed to properly train and/or supervise" the LPD Defendants and that this failure "amounted to deliberate indifference to the rights of persons with whom the [LPD Defendants] came into contact[.]" *Id*.

4

LEGAL STANDARD

In evaluating a Rule 12(b)(6) motion to dismiss, this Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.*, 199 F.3d 69, 69 (1st Cir. 2000). To survive the motion, the complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, at 555. "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), quoting Fed. R. Civ. P. 8(a)(2).

ARGUMENT

I.  DeGree has failed to comply with Fed. R. Civ. P. 8(a)'s pleading standard because the Complaint relies entirely on legal conclusions disguised as factual allegations

DeGree alleges he was charged for multiple criminal offenses without probable cause and to harass or intimidate him. Despite making this charge, his Complaint is devoid of well-pled factual allegations to support the claim. "A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

Turning to DeGree's Complaint, he alleges that from 2015 to 2020, the LPD Defendants "knowingly stopped and charged Mr. DeGree … without probable cause or any other good faith basis." *See* Doc. No. 1, at 3. But this is "simply a conclusory recitation of a necessary element

for recovery under § 1983 – that Defendant deprived Plaintiff of a right secured by the Constitution, i.e., by performing a seizure that was unreasonable under the Fourth Amendment because he lacked probable cause." *Rogers v. Blickensdorf*, 2015 WL 5215973, *2 (E.D. Mich. Aug. 31, 2015) (complaint's allegation that the defendant "initiated the traffic stop without probable cause is a legal conclusion couched as a factual allegation"); *see also Wheeler v. Wheeler*, 639 Fed. Appx. 147, 150 (3d Cir. 2016) (court was "under no obligation" to accept as true allegation that state trooper initiated charges "not based upon probable cause").

DeGree also claims the LPD Defendants used the charges "solely to harass and intimidate Mr. DeGree." *See* Doc. No. 1, at 3. But "[a]lleging that the Defendant[s] harassed and abused [DeGree] is merely a legal conclusion couched as a factual allegation." *Forcier v. Creditors Specialty Service, Inc.*, 2014 WL 6473043, *3 (D. N.H. Nov. 17, 2014); *see also Latimore v. Dept. of Corrections*, 2013 WL 6181082, *5 (D. Mass. Nov. 22, 2013) (allegation that defendants engaged in a "coordinated and intentional effort" "to harass and intimidate" was conclusory).

Concerning the three Lowell District Court criminal cases "on which this civil rights action is based," DeGree claims the LPD Defendants charged DeGree "without probable cause" to "continue the well-documented pattern of harassment and intimidation perpetrated against Mr. DeGree by Defendants." *See* Doc. No. 1, at 3-5. Alleging an arrest was "without probable cause" is nothing more than a "conclusory declaration." *Cline v. Burke*, 682 F.Supp.3d 125, 133 (D. Mass. July 12, 2023) (Saylor, C.J.); *see also Carrero-Ojeda v. Autoridad de Energia Electrica*, 755 F.3d 711 719–20 (1st Cir. 2014) (disregarding as conclusory complaint's allegation defendants acted "as part of a pattern of harassment and retaliation").

6

Nearly every allegation in the Complaint is a "legal conclusion couched as a factual allegation." *See Twombly*, supra, 550 U.S. at 554–55. Since the Complaint lacks factual support, it should be dismissed for failing to satisfy the minimal pleading standards of Fed. R. Civ. P. 8(a).

II.  The Complaint fails to state a federal claim against the City under 42 U.S.C. §§ 1983 and 1985(3)

DeGree brings two federal civil rights claims against the City of Lowell under 42 U.S.C. § 1983 and one claim under 42 U.S.C. § 1985. In count 19, DeGree alleges that the City of Lowell is liable for the Lowell Defendants' conduct under *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978). *See* Doc. No. 1, at 11-12. In count 20, DeGree alleges that the City improperly failed to train or supervise the Lowell Defendants, resulting in a deprivation of DeGree's federally protected rights. *See id.*, at 12. Finally, in count 15, DeGree alleges the City and several law enforcement officers conspired to deprive DeGree of his Fourteenth Amendment Equal Protection rights under section 1985. *See id.*, at 10. The City addresses each claim in turn.[3]

 A.  DeGree fails to allege an unconstitutional policy, custom, or practice actionable under *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978)

The City should be dismissed from DeGree's section 1983 claims because even if DeGree's constitutional rights were violated by the LPD Defendants DeGree does not plausibly allege municipal liability under the United States Supreme Court's decision in *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978).

In *Monell*, the United States Supreme Court determined the circumstances a municipality could be held liable for a deprivation of constitutional rights under 42 U.S.C. § 1983. The Court

---

[3] DeGree also purports to sue the City for violating the Fourteenth Amendment's Equal Protection Clause under 42 U.S.C. § 1983 (count 16). *See* Doc. No. 1, at 10. But such a claim is actionable against a municipality only under a *Monell* theory. Thus, DeGree's Equal Protection clause claim in count 20 fails for identical reasons as the *Monell* claims in counts 16-17.

7

held that "a municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id*., at 691. "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id*., at 694. "Official municipal policy includes, among other things, the acts of [the municipality's] policymaking officials." *Saldivar v. Racine*, 818 F.3d 14, 20 (1st Cir. 2016), citing *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

"[C]ourts have established two requirements for plaintiffs to meet in maintaining a § 1983 action grounded upon an unconstitutional municipal custom. First, the custom or practice must be attributable to the municipality. In other words, it must be so well settled and widespread that the policymaking officials of the municipality can be said to have either actual or constructive knowledge of it yet did nothing to end the practice." *Bordanaro v. McLeod*, 871 F.2d 1151, 1156 (1st Cir. 1989). Second, "the custom must have been the cause of and the moving force behind the deprivation of constitutional rights." *Id*.

Neither element has been plausibly alleged here. First, the Complaint does not allege any "well settled," "widespread" policy or custom permitting the deprivation of constitutional rights.[4]

---

[4] *Cf. Bordanaro*, supra, 871 F.2d at 1156 (unconstitutional policy under *Monell* where police department "had a longstanding, wide-spread, and facially unconstitutional practice of breaking down doors without a warrant when arresting a felon"); *Garner v. Memphis Police Dept.*, 8 F.3d 358, 364 (6th Cir. 1993) (*Monell* liability where police department had unconstitutional as applied use-of-force policy broadly permitting deadly force when apprehending fleeing burglary suspects); *Ellis v. Salt Lake City Corp.*, 2023 WL 2742756, *26 (D. Utah Mar. 31, 2023) (*Monell* liability where municipality maintained an "de facto custom of constructively ignoring complaints of a [gender-based] hostile workplace in the [Fire Department]" in violation of Fourteenth Amendment's Equal Protection Clause), appeal filed (10th Cir. 2023); *Mitchell v. Kirchmeier*, 28 F.4th 888, 900–01 (8th Cir. 2022) (unconstitutional "persistent pattern" of using bean bag guns against peaceful protestors subjected police department to *Monell* liability).

Second, even if the Complaint referred to such a policy or custom, DeGree does not plausibly describe how such a custom was the "cause of" and "the moving force" behind his purported constitutional deprivation.

For the above reasons, DeGree's *Monell* claim against the City under 42 U.S.C. §1983 should be dismissed with prejudice.

> B. DeGree fails to allege a municipal failure to train or supervise claim under *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989)

DeGree also does not plausibly allege a section 1983 claim against the City for failure to train or supervise the LPD Defendants (count 20). Expanding on the Supreme Court's holding in *Monell*, in *City of Canton, Ohio v. Harris*, 489 U.S. 378, 387 (1989), the Court recognized that "there are limited circumstances in which an allegation of a 'failure to train' can be the basis for [municipal] liability under § 1983." *But see Oklahoma City v. Tuttle*, 471 U.S. 808, 822–23 (1985) (plurality opinion) ("'[A] 'policy' of 'inadequate training'" is "far more nebulous, and a good deal further removed from the constitutional violation that was the policy in *Monell*"). More specifically, "the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Harris*, supra, 489 U.S. at 388. Count 20 does not plausibly allege a municipal failure to train or supervise claim under § 1983 for two reasons.

*First*, DeGree has failed to adequately plead deliberate indifference. "Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality – a 'policy' as defined by our prior cases – can a city be liable for such a failure under § 1983." *Id.*, at 389. Other than the barebones, conclusory allegations in his Complaint, DeGree has not plausibly alleged deliberate indifference on the part of the City with respect to DeGree's arrests or subsequent prosecutions.

9

*Second*, DeGree has failed to adequately plead any causal connection between any deficient training and DeGree's charges. "[F]or liability to attach in this circumstance the identified deficiency in a city's training program must be closely related to the ultimate injury." *Harris*, supra, 489 U.S. at 391. "To prevail, the plaintiff must show that the constitutional violation had a 'direct causal link' to the deficiency in training." *Jones v. City of Boston*, 752 F.3d 38, 59 (1st Cir. 2014), *quoting Harris*, supra, 489 U.S. at 385. The Complaint at hand does not plausibly allege what training, if any, the City failed to provide the LPD officers that would have prevented DeGree from being arrested or charged with the listed offenses.

Accordingly, DeGree's municipal failure to train or supervise claim against the City under 42 U.S.C. § 1983 (count 20) should be dismissed with prejudice.

C. <u>DeGree fails to plausibly allege a federal conspiracy under 42 U.S.C. § 1985(3)</u>

DeGree's conspiracy claim under section 1985(3) (count 15) fares no better. "The First Circuit has held that a claim under § 1985(3) must contain four elements. First, the plaintiff must allege a conspiracy; second, he must allege a conspiratorial purpose to deprive the plaintiff of the equal protection of the laws; third, he must identify an overt act in furtherance of the conspiracy; and finally, he must show either injury to a person or property, or a deprivation of a constitutionally protected right." *Perez-Sanchez v. Public Building Authority*, 531 F.3d 104, 107 (1st Cir. 2008).

To begin, the Complaint fails to allege well-pled facts to support the allegation of a conspiracy under § 1985(3). A conspiracy is a "combination of two or more persons acting in concert to commit an unlawful act." *Earle v. Benoit*, 850 F.2d 836, 844 (1st Cir. 1988). Pleading a § 1985(3) conspiracy "requires at least minimum factual support of the existence of a conspiracy." *Francis-Sobel v. Univ. of Me.*, 597 F.2d 15, 17 (1st Cir. 1979). "Vague and conclusory allegations about persons working together, with scant specifics as to the nature of their joint effort

10

or the formation of their agreement, will not suffice to defeat a motion to dismiss." *Alton v. Spiegel*, 988 F.3d 564, 578 (1st Cir. 2021). A plaintiff "must plausibly allege facts indicating an agreement among the conspirators to deprive the plaintiff of h[is] civil rights." *Parker v. Landry*, 935 F.3d 9, 18 (citation omitted). "If direct evidence is not available, the plaintiff must plead factual allegations sufficient to support a reasonable inference that such an agreement was made." *Seklecki v. Center for Disease Control & Prevention*, 635 F.Supp.3d 15, 23 (D. Mass. Oct. 12, 2022) (internal quotation marks omitted).

In the case at hand, DeGree fails to plausibly allege, either directly or inferentially, that a conspiracy existed. His allegations that the LPD Defendants "engaged in a common design or agreement, express or otherwise," *see* Doc. No. 1, at 10, are nothing more than "[v]ague and conclusory allegations" with "scant specifics." *Alton*, supra, 988 F.3d at 578. Moreover, "not every agreement is sufficient to ground a section 1985(3) conspiracy: the agreement must involve some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Parker v. Landry*, supra, 935 F.3d at 18 (internal quotation marks omitted). DeGree's Complaint is "devoid of facts that would warrant such an inference" of discriminatory animus. *Parker*, supra, 935 F.3d at 18. The closest DeGree comes to meeting this element is his allegation that (1) he is "an African American man and member of a protected class," and (2) the Defendants "intentionally treat[ed] [him] differently than similarly situated individuals outside of his protected class." *See* Doc. No. 1, at 10. But these statements, unadorned by well-pled facts, are just "conclusory allegations of disparate treatment and discriminatory animus." *Daniels v. Alvaria, Inc.*, 2024 WL 758172, at *9 (D. Mass. Feb. 23, 2024).

Thus, DeGree has failed to plausibly allege with well-pleaded facts a civil conspiracy to deprive civil rights under 42 U.S.C. § 1985(3).

11

III. **Since the Complaint's federal civil rights claims fail, this Court should decline to exercise supplemental jurisdiction over any remaining state-law claims**

The basis for this Court's subject matter jurisdiction over DeGree's state-law claims is supplemental jurisdiction under 28 U.S.C. § 1367. "A federal court exercising original jurisdiction over federal claims also has 'supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" *Camelio v. American Federation*, 137 F.3d 666, 672 (1st Cir. 1998), quoting 28 U.S.C. § 1367(a).

"In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988). This "balance of factors" especially favors dismissal where all federal claims are dismissed at the early pleading stage. *See Camelio*, supra, 137 F.3d at 672; *see also Rodriguez v. Doral Mortg. Club*, 57 F.3d 1168, 1177 (1st Cir. 1995) ("As a general principle, the unfavorable disposition of a plaintiff's remaining federal claims at the early stages of a suit, well before commencement of a trial, will trigger the dismissal without prejudice of any supplemental state-law claims").

For the reason discussed above in Part II of this Memorandum, DeGree's federal claims are legally insufficient. Accordingly, any state-law claims DeGree's Complaint may allege here should be dismissed without prejudice. *See Rodriguez*, supra, 57 F.3d at 1177.

IV. **Alternatively, the Complaint's state-law claims should be dismissed on the merits**

Should this Court decide not to dismiss all of DeGree's federal claims or exercise its discretion by maintaining supplemental jurisdiction over the state-law claims, then all of the Complaint's state-law claims (counts 3, 5, 6, 8, 9, 11, 12, 14, 17-18, & 21) should be dismissed on

the merits.  DeGree's state law claims can be divided into two categories.  First, DeGree claims he was deprived of his civil rights under the Massachusetts Civil Rights Act ("MCRA"), M.G.L. c. 12, §§ 11H, 11I (counts 2, 5, 8, 11, & 14).  Second, DeGree brings multiple common law tort claims under the Massachusetts Tort Claims Act ("MTCA"), M.G.L. c. 258, § 2 (counts 3, 6, 9, 12, 17-18, & 21).  The City of Lowell address both categories of state-law claims in turn.

      A. <u>DeGree's state-law civil rights claims under the Massachusetts Civil Rights Act ("MCRA"), M.G.L. c. 12, §§ 11H, 11I should be dismissed because the City is not a "person" within the meaning of the statute</u>

DeGree's claims against the City under the parallel Massachusetts Civil Rights Act, ("MCRA"), M.G.L. c. 12, §§ 11H, 11I, should be dismissed because the City is not a proper defendant under the statute.[5]  *See Howcroft v. City of Peabody*, 51 Mass. App. Ct. 573, 591–92 (2001).  Although the "SJC has not yet decided whether municipalities may be liable under the MCRA," *Pimentel v. City of Methuen*, 323 F.Supp.3d 255 (D. Mass. June 26, 2018), the Massachusetts Appeals Court has held that "a municipality is not a 'person' covered by the [statute]." *Howcroft v. City of Peabody*, 51 Mass. App. Ct. 573, 591–92 (2001).  Federal courts have consistently followed *Howcroft's* holding.  *See, e.g.*, *Kelley v. LaForce*, 288 F.3d 1, 11 n. 9 (1st Cir. 2002); *Wilson v. Town of Fairhaven*, 2019 WL 1757780, at *13 (D. Mass. Mar. 4, 2019); *Dyer v. City of Boston*, 2018 WL 1513568, at *7 (D. Mass. Mar. 27, 2018).

---

[5] Section 11H of the MCRA prohibits: "[A]ny person or persons, whether or not acting under color of law, [from] interfere[ing] by threats, intimidation or coercion, or attempt[ing] to interfere by threats, intimidation or coercion, with the exercise or enjoyment by any other person or persons of rights secured by the constitution or laws of the … commonwealth[.]" *See* M.G.L. c. 12, § 11H(a)(1) (emphasis added).  To establish a claim under the MCRA, a plaintiff must prove that: "(1) their exercise or enjoyment of rights secured by the Constitution or laws of … the Commonwealth, (2) have been interfered with, or attempted to be interfered with, and (3) that the interference or attempted interference was by threats, intimidation or coercion." *Swanset Development Corp. v. City of Taunton*, 423 Mass. 390, 395 (1996).

13

Thus, DeGree's MCRA claims against the City (counts 2, 5, 8, 11, & 14) should be dismissed with prejudice.

> B. <u>DeGree's common law tort claims against the City of Lowell should be dismissed because he failed to serve a presentment letter as required by the Massachusetts Tort Claims Act ("MTCA"), M.G.L. c. 258, § 4</u>

DeGree's tort claims against the City should be dismissed because he failed to properly present them before filing suit under section four of the MTCA. Section 4 of the MTCA provides in relevant part that a civil action "shall not be instituted against a public employer on a claim for damages … ***unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years*** after the date upon which the cause of action arose." *See* M.G.L. c. 258, § 4 (emphasis added). "A plaintiff's failure to present h[is] claim in accordance with [s]ection [f]our precludes bringing a claim for injuries under the MTCA." *Mason v. Massachusetts Dept. of Environmental Protection*, 774 F.Supp.2d 349, 357 (D. Mass. Mar. 29, 2011). The MTCA's presentment requirements "may lead to harsh results. However, that is how the statute is written, and it is incumbent on plaintiffs to strictly comply with its requirements." *Doe v. Cambridge Public Schools*, 101 Mass. App. Ct. 482, 489 (2022).

Here, DeGree "does not plead compliance with the presentment requirement" of the MTCA. *Harnois v. University of Massachusetts at Dartmouth*, 2019 WL 4762604 (D. Mass. Sept. 30, 2019). The undersigned counsel for the City is unaware of any presentment letter having been filed within the two-year limitations period in M.G.L. c. 258, § 4. Since "there is no evidence or pleading of a presentment," *Roach v. Green*, 2016 WL 1254236 (D. Mass. Mar. 29, 2016), and "the complaint does not allege that presentment was otherwise made," *Collins v. Boston Public Health Commission*, 2022 WL 425569, at *6 (D. Mass. Feb. 11, 2022), Degree's intentional tort claims

(counts 3, 6, 9, 12, & 17-18)[6] and his failure to train or supervision claim (count 21) as to the City should be dismissed without prejudice for insufficient presentment under section 4 of the MTCA.

      C. <u>Alternatively, the City is immune from all of DeGree's common law tort claims under the MTCA, M.G.L. c. 258, § 10(c) & (j)</u>

Should this Court decide not to dismiss the common law tort claims on presentment grounds, then the claims should also be dismissed *with prejudice* under two of the MTCA's immunity provisions set forth in M.G.L. c. 258, § 10.

*First*, under section 10(c) of the MTCA, public employers "are not liable for claims arising directly out of an employee's intentional torts." *Farrah ex rel. Estate of Santana v. Gondella*, 725 F.Supp.2d 238, 246 n. 9 (D. Mass. July 22, 2010), citing M.G.L. c. 258, § 10(c) (municipalities immune from "any claim arising out of an intentional tort, including assault, battery, false imprisonment, false arrest, intentional mental distress, malicious prosecution, malicious abuse of process, libel, slander, misrepresentation, deceit, invasion of privacy, interference with advantageous relations or interference with contractual relations"). "While § 10(c) lists a number of intentional torts, its use of the work 'including' indicates that the enumerative list is representative, not all-inclusive, and that any intentional tort is covered by § 10(c)." *Barrow v. Wareham Fire Dist.*, 82 Mass. App. Ct. 623, 626 (2012).

Here, under the express terms of the MTCA, the City is immune from DeGree's "false imprisonment" (count 4), "false arrest" (count 6), "malicious prosecution" (count 9), and "malicious abuse of process" (count 12) claims. *See* M.G.L. c. 258, § 10(j). Moreover, the City is immune from DeGree's common law conspiracy claims (counts 17-18). That is because "state

---

[6] The MTCA's presentment requirements also require dismissal of DeGree's common law civil conspiracy claims (counts 17-18). *See Haley v. City of Boston*, 657 F.3d 39, 54 (1st Cir. 2011) (affirming dismissal of civil conspiracy claim because "state law claims for … civil conspiracy fall within the purview of [the MTCA]" and plaintiff "fail[ed] to comply with the statute").

law conspiracy claim[s] are *intentional* torts" as defined by section 10(c) of the MTCA, *Dobelle v. Flynn*, 12 F.Supp.3d 274 (D. Mass. Apr. 9, 2014); *see also Cloutier v. City of Lowell*, 2015 WL 8751334, at *9 (D. Mass. Dec. 14, 2015).  Thus, counts 4, 6, 9, 12, & 17-18 should be dismissed against the City with prejudice.

*Second*, DeGree's failure to train or supervise claim (count 21) against the City should be dismissed because under section 10(j) of the MTCA, the City is immune from claims "based on an act or failure to act to prevent or diminish the harmful consequences of a condition or situation, including the violent or tortious conduct of a third person, which is not originally caused by the public employer or any other person acting on behalf of the public employer."  *See* M.G.L. c. 258, § 10(j).  Under section 10(j), a failure-to-act claim "must involve **something more** than the pure failure to alleviate a private harm and that to be successful a claimant must show **some** involvement of a public employee in creating the injury-causing scenario, not simply a failure to respond adequately after it arises."  *Doe v. Town of Stoughton*, 2020 WL 4431569, at *4 (D. Mass. July 31, 2020) (emphasis in original; internal quotation marks omitted).

Here, DeGree merely alleges that the City "***failed*** to properly train and/or supervise" the LPD Defendants.  *See* Doc. No. 1, at 12.  DeGree comes nowhere close to pleading the City "created" the injury-causing scenario.  *Cf. Salem v. Stoneham Police Department*, 2024 WL 4335454, at *16 (D. Mass. Sept. 27, 2024) (rejecting municipality's § 10(j) immunity argument because in that case, "the custom at issue is not just the failure to supervise – it is the establishment of a system that permitted officers to disregard mandated reporting policies after using force"). Since DeGree's negligent training and supervision claim is "based on the failure to prevent or mitigate a harm, rather than participation in the injury-causing circumstance," count 21 "must be dismissed" under § 10(j).  *Ward v. City of Boston*, 367 F. Supp. 2d 7, 16 (D. Mass. Mar. 21, 2005).

CONCLUSION

For the above reasons, the Defendant City of Lowell respectfully requests that this Court **GRANT** its motion to dismiss all claims for failure to state a claim upon which relief could be granted under Fed. R. Civ. P. 12(b)(6).

    Respectfully submitted,

The Defendant,
City of Lowell,
By its attorney,

**/s/ Thomas G. Wood**
Thomas G. Wood, Esq., Assistant City Solicitor
BBO # 707877
twood@lowellma.gov
City of Lowell Law Department
375 Merrimack Street, 3rd Floor
Lowell, MA 01852-5909
(978) 674-4050

Dated: November 13, 2024

CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2024, the foregoing document was filed electronically through the CM/ECF system and was served upon all registered participants in this case, as identified in the Notice of Electronic Filing (NEF).

**/s/ Thomas G. Wood**
Thomas G. Wood, Esq., Assistant City Solicitor