**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| **Devante DeGree,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**Thomas Janeczak,**<br><br>**Defendant.** | **Civil Action No. 24-12415-NMG** |

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff DeVanté DeGree ("DeGree" or "plaintiff") brings this action under 42 U.S.C. §1983 against Massachusetts State Police Sergeant Thomas E. Janeczak ("Janeczak" or "defendant"), alleging that defendant violated his Fourth Amendment rights during a traffic stop on May 17, 2024.

Before this Court are two motions filed by plaintiff: 1) plaintiff's motion to extend the deadlines for defendant's responses to written discovery and for defendant's deposition, and to adjust related dates in the scheduling order, and 2) plaintiff's motion under Fed.R.Civ.P. 36(b) for an order permitting withdrawal of matters deemed admitted and substitution of his served responses. Defendant timely opposed both motions.

For the reasons stated herein, the motion to extend deadlines will be allowed, in part, and denied, in part, as moot, and the motion under Rule 36(b) will be allowed, subject to conditions.

# I. Background

## a. Factual and Procedural Background

The facts underlying this action are set forth in the Report and Recommendation ("R&R") issued by Magistrate Judge M. Page Kelley, DeGree v. City of Lowell, No. CV 24-12415-NMG, 2025 WL 2347548 (D. Mass. July 15, 2025), which was accepted and adopted by this Court, and are summarized here only as relevant to the pending motions.

DeGree's claim arises from a traffic stop on Route 3 North in Billerica, Massachusetts, on the night of May 17, 2024. According to the arrest report, Janeczak measured the vehicle DeGree was driving by lidar at 89 miles per hour in a 55-mile-per-hour zone and initiated a stop. After a query of the Criminal Justice Information System revealed that DeGree's license was suspended, Janeczak arrested him. Troopers then conducted an inventory search of the vehicle and had it towed.[1]

[1] During the inventory search, troopers found two expandable batons, one in the glove compartment and one in the front passenger seatback pocket. DeGree told Janeczak the vehicle was not his but he was charged with two counts of carrying a dangerous weapon, M.G.L. c. 269, § 10(b), because he was in possession of the vehicle. DeGree avers that those charges were dismissed in July, 2024.

DeGree disputes both the stop and the search. As to the former, DeGree denies that he was speeding which bears on whether Janeczak had reasonable suspicion to initiate the stop. As to the search, DeGree asserts that a licensed driver arrived at the scene before the vehicle was removed and was willing to assume custody. If so, that allegation bears on whether the decision to impound the vehicle, requiring an inventory search, was reasonable.

DeGree brought suit against the City of Lowell, several of its officers and Janeczak. With respect to Janeczak's motion to dismiss, Magistrate Judge Kelley issued an R&R recommending dismissal of all claims against him except so much of Count I as asserts a Fourth Amendment claim under 42 U.S.C. §1983 based on the initial stop and the inventory search. Magistrate Judge Kelley concluded that 1) DeGree had adequately alleged a Fourth Amendment violation as to the stop, 2) Janeczak was not then entitled to qualified immunity and 3) whether the impoundment and inventory search were proper could be resolved on the record and would be left to summary judgment. Any claim premised on the arrest itself failed because DeGree's license was in fact suspended. This Court accepted and adopted the R&R. Degree v. City of Lowell, No. CV 24-12415-NMG, 2025 WL 2347433 (D. Mass. Aug. 12, 2025).

Thereafter, this Court entered a scheduling order that required, as relevant here, written discovery to be served by August 31, 2026, and that motions for summary judgment be filed by September 30, 2026. The final pretrial conference has been set for February 17, 2027, and trial for February 22, 2027.

**b. The Discovery Dispute**

On May 21, 2026, defendant served 24 requests for admission upon plaintiff. Pursuant to Fed.R.Civ.P. 6(a)(1)(C) and 36(a)(3), responses were due on June 22, 2026. In the same correspondence, defense counsel noted that plaintiff had not yet served the initial disclosures which were due on May 8, 2026.

Plaintiff did not respond to the requests for admissions. On July 1 and July 20, 2026, defense counsel wrote to plaintiff's counsel, asserting that the requests stood admitted under Rule 36(a)(3). Counsel also inquired as to whether plaintiff would dismiss the remaining claim. Plaintiff's counsel did not reply to either email.

On August 14, 2026, plaintiff's counsel emailed defense counsel, apologizing for the delay but declining to dismiss the claim. In that email, plaintiff's counsel represented that plaintiff's initial disclosures and responses to the requests for admission had been drafted and would be served by August 21, 2026. He also stated that plaintiff would move under Rule 36(b) to withdraw any admissions resulting from his failure to respond

within 30 days. Defense counsel replied the same day that the requests were deemed admitted and that defendant would move for summary judgment on "not only the admissions, but the clear facts in this case." Plaintiff did not serve the disclosures or the responses by August 21, 2026.

On August 31, 2026, the deadline for serving written discovery, plaintiff's counsel sent defense counsel a draft of the pending motion to extend deadlines and sought defendant's position. Defense counsel objected. Later that same day, plaintiff served 1) his initial disclosures, 2) interrogatories, requests for admission and requests for production directed to defendant, 3) a notice of defendant's deposition for October 6, 2026, and 4) notice of his intent to serve a subpoena on the Massachusetts State Police commanding production of records by September 29, 2026. Plaintiff filed the pending motion for an extension that evening and defendant filed an opposition the following day.

On September 2, 2026, plaintiff served his responses to defendant's requests for admission notwithstanding defendant's position that the matters were deemed admitted. In those responses, plaintiff admitted, inter alia, that the arrest report attached to the requests appears to be an accurate copy, that his license was suspended as of May 17, 2024, and that, in light of this Court's prior ruling, Janeczak had probable cause

to arrest him once the CJIS query had been run. He denied, however, that he was speeding, that the stop was supported by reasonable suspicion, that the towing of the vehicle was authorized and that the search was a genuine inventory search.

Plaintiff filed the pending motion to withdraw his admissions under Rule 36(b) on September 3, 2026. On September 9, 2026, defendant filed a motion for summary judgment. Defense counsel represented that the associate primarily responsible for this case was to leave his firm on September 10, 2026, but that Attorney Moynihan remains counsel of record for defendant.

## II. Motion to Withdraw Matters Deemed Admitted

### a. Legal Standard

A matter is admitted unless, within 30 days after being served with a request for admission, the party to whom the request is directed serves a written answer or objection. Fed.R.Civ.P. 36(a)(3). A matter so admitted "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed.R.Civ.P. 36(b).

The court has discretion to permit the withdrawal or amendment of matters deemed admitted if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. Id.

The burden of demonstrating prejudice rests with the party that obtained the admission, here, Janeczak. Prejudice under Rule 36(b) does not arise merely because the party who obtained the admission must now prove the admitted matter at trial. See Brook Village N. Assocs. v. Gen. Elec. Co., 686 F.2d 66, 70 (1st Cir. 1982). Rather, it relates to the difficulty a party may face in proving its case caused by factors such as the unavailability of key witnesses or the sudden need to obtain evidence with respect to the questions previously answered by the admissions. Id.

**b. Presentation of the Merits**

Permitting plaintiff to withdraw his admissions would promote the presentation of the merits of the action. The matters deemed admitted include that 1) Janeczak had reasonable suspicion to stop DeGree, 2) the vehicle was searched pursuant to State Police policy because DeGree was arrested and the vehicle was being towed and 3) the remaining claim is "frivolous and groundless." Taken together, those admissions would dispose of the questions this Court has already concluded must be resolved on a developed record. Plaintiff's belated responses deny each of them.

Defendant contends that plaintiff's admissions should be dispositive of the "merits" of the action, and that the Court need not permit withdrawal simply because that admission

concerns an important matter. Although no per se rule applies, the admissions here are not only important, they would be dispositive of the only remaining claim without adjudication of the underlying facts.

Moreover, several of the requests for admissions posed by defendant are problematic because they request more than "facts, the application of law to fact, or opinions about either," see Fed.R.Civ.P 36(a)(1)(A), while others appear to contain errors.

Specifically, one of the requests asks plaintiff to admit an abstract proposition of law untethered to the facts of this case, and another asks plaintiff to characterize the legal merit of a claim this Court has declined to dismiss. Other requests for admissions contain errors such as referring to the stop on May 14, 2024, rather than May 17, 2024, and misquoting plaintiff's Second Amended Complaint. Notably, defendant's Request No. 19 quotes only part of the relevant provision of State Police policy TRF-09, omitting the conditions applicable if the operator is arrested. As submitted by defendant, however, the full provision authorizes removal of a vehicle upon the operator's arrest only when

> there is no alternative operator present who could assume lawful custody of the vehicle

and the owner or authorized driver cannot direct its disposal in some other lawful and reasonable manner. Plaintiff contends

that a licensed driver was present and willing to take custody of the vehicle. The Court expresses no view on that dispute but notes that the request, if deemed admitted, would establish that removal of the vehicle was ordered without regard to those conditions.

Defendant suggests that, rather than permit withdrawal of the admissions, the Court could simply disregard any admission that states a legal conclusion but that would leave admissions that go to the factual core of the claim.

**c. Prejudice**

Defendant has not demonstrated prejudice of the kind Rule 36(b) contemplates. He contends that 1) he relied upon the admissions in deciding not to conduct further discovery, 2) withdrawal would require him to re-submit his motion for summary judgment and 3) the departure of the associate handling the matter compounds his burden.

Defendant concedes that no evidence has become unavailable as a result of plaintiff's delay in responding to the requests. The evidence that bears on the remaining claim, including the incident file, the recordings referenced in the arrest report, the dispatch and CJIS records, the lidar calibration records and the relevant policies in effect on the date of the stop, is in the possession of defendant or his employer. That defendant must revise his summary judgment motion relates to the burden of

proving the merits of his defense, which is not cognizable prejudice. See Brook Village, 686 F.2d at 70. Nor does a change in staffing at defense counsel's firm constitute prejudice "in maintaining or defending the action on the merits." Fed.R.Civ.P. 36(b).

Defendant's reliance argument warrants closer examination. Rule 36(b) protects "justified reliance" on an admission. See Branch Banking & Tr. Co. v. Deutz-Allis Corp., 120 F.R.D. 655, 658 (E.D.N.C. 1988) (citing Advisory Committee Note to Fed.R.Civ.P. 36(b)). By August 14, 2026, however, defendant knew that plaintiff intended to try to withdraw his admissions under Rule 36(b). Defense counsel's own reply that day stated that defendant would move for summary judgment on "not only the admissions, but the clear facts in this case." To the extent defendant nonetheless chose not to conduct discovery in reliance on the admissions, that harm is curable. As discussed infra, the Court will permit defendant to depose plaintiff and to conduct limited written discovery and will permit him to file an amended motion for summary judgment. Trial is not scheduled to begin until February, 2027.

Defendant also contends that, to withdraw his admissions, plaintiff must demonstrate good cause under Fed.R.Civ.P. 16(b)(4), relying on Zimmerman v. Cambridge Credit Counseling Corp., 529 F. Supp. 2d 254, 264-65 (D. Mass. 2008) (Ponsor, J.).

The Court is unpersuaded that Zimmerman compels denial here. The scheduling order in this case set no deadline for responses to requests for admission, and withdrawal of the admissions does not, by itself, modify any deadline the Court imposed. To the extent withdrawal requires adjustment of the schedule, the Court will address that question under Rule 16(b)(4) in Section III.

In any event, the decision of the Court in Zimmerman is readily distinguishable from the facts here. There, the requests went unanswered for nearly two years and discovery had run its course on the premise that the admissions were valid. See id. at 264, 267. Here, plaintiff served his responses approximately ten weeks after they were due, before any deposition had been taken or document produced, before the deadline for dispositive motions and more than five months before trial.

The lack of diligence and courtesy by plaintiff's counsel is nonetheless serious, and the Court has considered it in exercising its discretion. It concludes, however, that the appropriate response is to impose conditions upon counsel, see Section IV, infra, rather than to adjudicate plaintiff's claim by default. The motion to withdraw matters deemed admitted will therefore be allowed, and plaintiff's responses served on September 2, 2026, will be substituted for the matters deemed admitted.

## III. Motion for Extension of Discovery Deadlines

### a. Legal Standard

A court may modify a scheduling order only upon a showing of good cause and with the judge's consent. Fed.R.Civ.P. 16(b)(4). The good cause standard focuses on

> the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent.

Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004). Prejudice to the non-moving party nonetheless remains relevant. See O'Connell v. Hyatt Hotels of P.R., 357 F.3d 152, 155 (1st Cir. 2004).

### b. Application

1. Summary Judgment Deadline

The schedule plaintiff proposed in his motion for extension was premised on extending the September 30, 2026, deadline for filing motions for summary judgment. Defendant filed his motion for summary judgment well before that deadline, on September 9, 2026. Plaintiff's request to extend that deadline is therefore moot.

The remaining question is whether the parties should be permitted to complete limited discovery before plaintiff has to respond to defendant's pending motion.

2. Good Cause

The scheduling order required that written discovery be served by August 31, 2026. It set no deadline for the completion of fact discovery, for depositions or for responses to written discovery. Plaintiff served his written discovery on August 31, 2026, and thus met the deadline the Court imposed. Defendant's contention that discovery "ended" on that date is not consistent with the text of the order.

Defendant, citing Local Rule 5.4(d), also contends that the motion to extend the deadlines was untimely because it was filed after 6:00 P.M. on August 31, 2026. Even if that motion is deemed filed on September 1, 2026, the deadline it seeks to modify, September 30, 2026, had not yet passed. In any event, Local Rule 5.4(d) addresses the timeliness of filings with the Court, not service of discovery between the parties.

The Court does not condone the lack of diligence of plaintiff's counsel, which is addressed in Section IV. The problem addressed by plaintiff's motion for an extension, however, stems from the schedule itself, which, for some unknown reason, was incomplete. Responses to the discovery plaintiff's counsel served on August 31, 2026, were due on September 30, 2026, the same day as dispositive motions. See Fed.R.Civ.P. 33(b)(2), 34(b)(2)(A), 36(a)(3).

Furthermore, in light of the Court's allowance of the motion under Rule 36(b), both parties will now be afforded an opportunity to develop the record on the questions this Court reserved for summary judgment. Plaintiff would otherwise be entitled to seek comparable relief under Fed.R.Civ.P. 56(d), and defendant would be left without the discovery he forwent in reliance on the admissions. Good cause exists for a limited, reciprocal extension of the deadlines.

3. Prejudice

The prejudice defendant identified in his opposition to the motion was the burden of preparing a motion for summary judgment while responding to discovery before his associate's departure. That burden did not materialize because defendant filed his motion on September 9, 2026. The remaining burden, i.e., responding to discovery that was timely served, is one defendant must necessarily bear in any event. Moreover, the extension will afford defendant additional time and the opportunity to take discovery of his own.

4. Scope of Remaining Discovery and Defendant's Motion

The remaining claim is narrow, and thus, the Court directs that the scope of discovery related to that claim will be equally attenuated. As previously noted, plaintiff concedes that Janeczak had probable cause to arrest him once the CJIS query had been run. The discovery permitted by this order will

therefore be limited to 1) the initial stop of plaintiff's vehicle and 2) the removal and inventory of that vehicle. That will include, without limitation, the lidar and calibration records, the body-worn and cruiser camera recordings referenced in the arrest report, dispatch and CJIS records, towing and inventory records and the versions of State Police policies in effect on the date of the stop and arrest.

Next, because defendant's motion for summary judgment was filed before the Court resolved the Rule 36(b) motion and relies, at least in part, upon the admissions now withdrawn, defendant's motion for summary judgment is denied without prejudice and may be submitted on a developed record in accordance with the schedule set forth below.

Furthermore, in his opposition to plaintiff's motion for extension, defendant requests leave to object to plaintiff's discovery as untimely. A request for a court order must be made by motion. Fed.R.Civ.P. 7(b)(1). In any event, as discussed above, the discovery was served within the deadline set by the scheduling order. Defendant's request will therefore be denied but he retains any other objection available under the Federal Rules of Civil Procedure.

Under the revised schedule, renewed motions for summary judgment will be due on November 30, 2026, and oppositions on

December 21, 2026. The final pretrial conference and trial dates will remain unchanged.

### IV. **Plaintiff's Counsel's Conduct**

Finally, the Court will address the dilatory conduct of plaintiff's counsel. He served initial disclosures nearly four months late and responses to defendant's requests for admission more than ten weeks late, after defense counsel's appropriate inquiries were ignored for six weeks. Plaintiff's counsel then served all of plaintiff's written discovery, and moved to extend the schedule, on the last day permitted by the scheduling order.

Plaintiff's counsel does not proffer any excuse for his neglect which shows a lack of diligence and a disregard of the Court's scheduling order. The relief allowed by this memorandum and order is based on the independent requirements of Rules 36(b) and 16(b)(4) and should not be construed as excusing counsel's conduct.

Because the failures are attributable to counsel rather than to plaintiff, counsel will be directed to reimburse defendant for the reasonable attorneys' fees and costs defendant incurred in opposing the motion under Rule 36(b). If counsel cannot agree on a mutually acceptable amount, the Court will resolve the matter at a later time.

**ORDER**

For the foregoing reasons,

1. Plaintiff's motion for an order permitting withdrawal of his admission and substitution of plaintiff's served responses (Docket No. 79) is **ALLOWED**. The matters deemed admitted by operation of Fed.R.Civ.P. 36(a)(3) in response to defendant's First Requests for Admission, served May 21, 2026, are withdrawn, and plaintiff's responses served September 2, 2026 (Docket No. 79-1), are deemed substituted therefore and timely served.

2. Plaintiff's motion to extend the deadlines for responding to written discovery and for the deposition of defendant, and to adjust related dates in the scheduling order (Docket No. 74) is, with respect to extending the deadline for filing motions for summary judgment, **DENIED** as moot, but otherwise **ALLOWED**.

The scheduling order (Docket No. 66) is modified as follows:

| **Event** | **Deadline** |
|---|---|
| Defendant's responses to plaintiff's written discovery served August 31, 2026 | October 14, 2026 |
| Defendant's written discovery to plaintiff served | October 16, 2026 |
| Depositions of plaintiff and defendant completed; limited fact discovery closed | November 20, 2026 |
| Renewed motion for summary judgment | November 30, 2026 |
| Plaintiff's experts, if any, designated; Rule 26 reports exchanged | December 4, 2026 |

| | |
|---|---|
| Opposition to summary judgment | December 21, 2026 |
| Defendant's experts, if any, designated; Rule 26 reports exchanged | January 8, 2027 |
| Expert depositions, if any, completed | February 5, 2027 |

3. The additional fact discovery permitted by this Order is limited to 1) the initial stop of the vehicle plaintiff was operating on May 17, 2024, and 2) the removal and inventory of that vehicle.

4. Defendant's motion for summary judgment (Docket No. 81) is **DENIED** without prejudice to its renewal in accordance with paragraph 2, above.

5. Defendant's request for leave to object to plaintiff's written discovery as untimely (Docket No. 75 ¶ 20) is **DENIED.**

6. Plaintiff's counsel shall personally reimburse defendant for his reasonable attorneys' fees and costs incurred in opposing the motion under Rule 36(b) (Docket No. 80). If counsel cannot agree on a mutually acceptable amount, the court will resolve the matter at a later time.

7. No further extension of any deadline in this action will be permitted absent extraordinary circumstances. Any further failure to comply with the deadlines set by this Court or

by the Federal Rules of Civil Procedure may result in the imposition of sanctions under Fed.R.Civ.P. 16(f) and 37(b).

8. The final pretrial conference will be held on Wednesday, February 17, 2027 at 3:00 P.M. and trial will begin on Monday, February 22, 2027 at 9:00 A.M.

**So ordered.**

Nathaniel M. Gorton
Nathaniel M. Gorton
Senior United States District Judge

Dated: October 2 , 2026